IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:25-CR-00049-ADA |
| | § | |
| EMMETT LAWRENCE HOLMES | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of Holmes's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I.  PROCEDURAL BACKGROUND

On July 16, 2007, in the Northern District of Texas-Fort Worth Division, EMMETT LAWRENCE HOLMES was convicted of Felon in Possession of a Firearm, a Class A Felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). He was sentenced to 180 months imprisonment; five (5) years supervised release; and ordered to pay a $100.00 special assessment.

While incarcerated, Mr. Holmes married Britney Harden. The two had never met in person and were married via mail on August 21, 2021. As a result of the marriage, Mr. Holmes

was released to the Waco Division and began the term of supervised release on June 7, 2024.

On November 7th, 2025, the United States Probation Office filed an Amended Petition for Warrant or Summons for Offender Under Supervision, alleging that Holmes violated the terms of his supervision in the following ways:

> **Violation Number 1:** Holmes committed a new crime. On December 25, 2024, Mr. Holmes was intoxicated while operating a motor vehicle in a public place, a Class B Misdemeanor, in violation of Texas Penal Code 49.04.
>
> **Violation Number 2:** Holmes committed a new crime. On August 25, 2025, he intentionally, knowingly, or recklessly caused bodily injury to another, including his spouse, a Class A Misdemeanor, in violation of a Class A Misdemeanor, in violation of Texas Penal Code 22.01(a)(1).
>
> **Violation Number 3:** Holmes violated Standard Condition Number 11, in that he failed to notify the probation officer within 72 hours of being arrested or questioned by law enforcement.
>
> **Violation Number 4:** Holmes violated Standard Condition Number 1, in that he left the judicial district without the permission of the Court or probation officer.
>
> **Violation Number 5:** Holmes committed another crime. On November 1, 2025, he knowingly violated a protective order, a Class A Misdemeanor, in violation of Texas Penal Code 25.07(g).

On December 22, 2025, the Court held a hearing on the petition. At the hearing, the Government made a verbal motion to abandon Violation Number 2. Holmes pled **TRUE** to the remaining violations. The petition contained a sufficient factual basis to support a plea of **TRUE**.

## II. FINDINGS OF THE COURT

Based on Holmes's sworn statements and other testimony at the hearing, the undersigned finds as follows:

1. Holmes violated the conditions of his supervision as alleged in the petition.

2. Holmes was competent to make the decision to enter a plea of **TRUE**.

3. Holmes had both a factual and rational understanding of the proceedings against him.

4. Holmes did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. Holmes was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. Holmes was sane and mentally competent to stand trial for these proceedings.

7. Holmes was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. Holmes received a copy of the petition naming him, and he either read it or had it read to him.

9. Holmes understood the petition and the charges alleged against him.

10. Holmes had a sufficient opportunity to discuss the petition and charges with his attorney.

11. Holmes was satisfied with the job his attorney has done and had no complaints about his attorney.

12. Holmes understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13. Holmes freely, intelligently, and voluntarily entered his plea of **TRUE**.

14. Holmes understood his statutory and constitutional rights and desired to waive them.

15. The petition contains a sufficient factual basis to support Holmes's pleas of **TRUE**.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that Holmes's supervised release be **REVOKED** and that he be sentenced to the following:

(1) a 12-month term of imprisonment, including credit for any time already served since his arrest;

(2) no period of supervised release to follow; and

(3) the undersigned further **RECCOMENDS** that Holmes serve his term of imprisonment at a BOP medical facility due to Neuropathy from a previous injury.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 29th day of December, 2025.

*[signature]*
DAN MACLEMORE
UNITED STATES MAGISTRATE JUDGE